UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLORENCIO CORRAL, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CHASE HOME FINANCE, LLC; et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-01559-GMN-VCF <br><br> **ORDER** |

Before the Court is Defendants JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC ("Chase") and California Reconveyance Company ("CRC"), and Mortgage Electronic Registration Systems, Inc. 's ("MERS") (collectively hereinafter "Defendants") Motion to Dismiss (ECF No. 6).  Plaintiff Florencio Corral has not filed a Response to the Motion.  Defendants have, however, filed a Reply to Non-Opposition of Motion to Dismiss (ECF No. 11).  For the reasons that follow, the Motion to Dismiss will be GRANTED.  Plaintiff's Complaint will be dismissed without prejudice.

## BACKGROUND

This lawsuit was originally filed on or about August 8, 2011 in the Eighth Judicial District Court in and for Clark County, Nevada.  Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that have been initiated against Plaintiff's residence.  Defendants removed the lawsuit to this federal district on September 27, 2011 (ECF No. 1).

On October 7, 2011, Defendants filed a Motion to Dismiss (ECF No. 6).  Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until October 24, 2011 to file a Response.  Not only did Plaintiff fail to

meet this deadline, Plaintiff has failed to file any Response at all.  On January 26, 2012, Defendants filed a Reply to Non-Opposition to the Motion to Dismiss (ECF No. 11).

## **DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).

The fifth factor also does not weigh in favor of Plaintiff because it does not appear that this case was likely to be decided on the merits anyway:  Plaintiff has utterly failed to Respond to Defendants' Motions even though the due date for a Response was over six (6) months ago.  The Court has no reason to believe that Plaintiff will show a better degree of diligence in other aspects of this lawsuit.

These four factors outweigh factor (4) and, accordingly, Defendants' Motion to Dismiss is GRANTED.  Plaintiff's Complaint is dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.

**DATED** this 1st day of May, 2012.

_____
Gloria M. Navarro
United States District Judge